UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROGER FRANCIS,
        Petitioner,

v.                                                                                         CIVIL ACTION NO. 18-10790-ADB

SEAN MEDEIROS,
        Respondent.


MEMORANDUM AND ORDER


BURROUGHS, D.J.                                                                           November 6, 2018

Before the Court is respondent Sean Medeiros's opposed motion to dismiss *pro se* petitioner Roger Francis's 28 U.S.C. §2254 ("Section 2254") petition for habeas corpus (Docket Entry No. 15), Francis's opposition (Docket Entry No. 18), Medeiros's reply (Docket Entry No. 19), and Francis's further reply (Docket Entry No. 20). After consideration of the submissions, Medeiros's motion is DENIED without prejudice and it is further ordered that the unauthorized second or successive Section 2254 petition is TRANSFERRED to the First Circuit Court of Appeals as an implicit request for authorization to file a second or successive Section 2254 Petition.

I.        Background

On March 12, 1967, a Massachusetts State Trooper found fifteen-year-old Marialice Pike alive, but unconscious, in the median strip of Route 3 in Hingham having suffered gunshot wounds from Francis. *Com. v. Francis*, 355 Mass. 108, 110 (1969). She later died from her

injuries.[1] *Id.* Francis was eventually apprehended in Canada and charged with the murder. *Id.* The central issue at trial was not whether Francis killed the victim, but rather whether he was criminally responsible at the time because of mental illness. *Id.* at 110. Francis was convicted of murder in the first degree, and although the jury recommended the death penalty, he was sentenced to life imprisonment. *Id.* at 108. His conviction was affirmed in 1969. *Id.*

Twenty years later, in 1989, Francis's conviction was overturned because of a jury instruction error. *Com. v. Francis*, 411 Mass. 579 (1992). Francis was released on bail in February 1990. Respondent's Reply Brief, Exhibit 1, Francis's Appellant's Brief, Docket entry No. 19-1, p.10.

"In May 1994,…[Francis]…reached a plea-deal with the Commonwealth:…[he]…would plead guilty to murder in the second degree in exchange for the opportunity to immediately seek parole, which the Commonwealth would not oppose." *Com. v. Francis*, 477 Mass. 582, 583 (2017). If not granted parole, Francis "would be permitted to withdraw his guilty plea and proceed to trial on the murder in the first degree charge." *Id.* Francis pleaded guilty to murder in the second degree on May 25, 1994. *Id.* His sentence was stayed, over the Commonwealth's objection, pending the parole hearing, that was scheduled for August 1994. *Id.* The Parole Board later informed the Court and the parties that Francis had to be in custody for the Parole Board to have jurisdiction. But Francis refused to go back into custody and the hearing was cancelled. *Id.* In September 1994, the plea judge issued a revised order to accommodate Francis that would terminate the stay of Francis's sentence once the board commenced the hearing. *Id.*

---

[1] The murder has been described by prosecutors as "execution style", and the Supreme Judicial Court affirmed it is a " phrase that described the shooting, specifically the fact that the victim had been shot several times in the back." *Com v. Francis*, 450 Mass. 132, 141 (2007).

Almost five years later, the parole hearing was rescheduled for March 1999.[2] *Francis*, 477 Mass. at 584. The hearing was cancelled, in part, because Francis refused to go back into custody. *Id.* The hearing was rescheduled for March 2000. Francis, through counsel, moved to continue the stay of his sentence or in the alternative to withdraw his plea because he did not want to go back into custody. *Id.*

At the hearing, a different judge proposed a solution: "that the stay be continued until the moment the hearing commenced…and that the stay be automatically reimposed following the hearing if the defendant were denied parole so that he could withdraw his plea." *Francis*, 477 Mass. at 584. The Commonwealth objected, and Francis was permitted to withdraw his plea. *Id.*

Three years later, in 2003, Francis was tried again and convicted of murder in the first degree on theories of deliberate premeditation and extreme atrocity and cruelty. *Com. v. Francis*, 450 Mass. 132,133 (2007). He was, again, sentenced to life in prison without the possibility of parole. *Id.* That conviction was affirmed by the Supreme Judicial Court in 2007. *Id.*

In 2008, Francis filed his first, counseled, Section 2254 petition raising a single ground: that the statute preventing a jury waived trial in a capital case was unconstitutional. *Francis v. O'Brien*, Civ. No. 08-CV-10839-DPW, Docket Entry No. 1. That petition was denied on the merits in 2010 after Francis failed to oppose a motion for judgment on the pleadings. *Francis v. O'Brien*, Civ. No. 08-CV-10839-DPW, Docket Entry No. 19 (incorporating March 1, 2010 electronic order granting motion for judgment on the pleadings).

---

[2] "This five-year gap was the result of…[Francis]…requesting that his attorney not pursue a hearing and, apparently, the Commonwealth losing track of …[Francis's]…case. In 1998, the prosecutor's office was informed by the Superior Court clerk's office in Brockton that the court was still holding…[Francis's]…bail money, and the case began to proceed." *Com. v. Francis*, 477 Mass. 582, 584 n. 5. (2017).

"In 2013, Francis filed a motion for a new trial alleging ineffective assistance of counsel and that his 1967 sentence was cruel or unusual." *Com. v. Francis*, 477 Mass. 582, 584 (2017). "Although the judge—who was the judge at the defendant's 2003 trial—found the defendant's arguments unavailing, '[i]n light of the extenuating facts of this case,' she granted the motion based on 'principles of fundamental fairness and due process,' even though she found that the Commonwealth had not reneged on the plea offer.'" *Id.* "The judge ordered specific performance of the 1994 plea agreement, and allowed the defendant to plead guilty to murder in the second degree." *Id.* "The judge reasoned that this was the correct result because 'another party to the negotiation, the court, adopted an interpretation of the [s]tatute—that the [p]arole [b]oard could entertain the defendant's request for and conduct a hearing at the Board's office without his surrendering into [Department of Correction] custody—on which the defendant relied to his detriment.'" *Id.* at 584-85. The Commonwealth appealed the order, pursuant to the gatekeeper provisions of Mass. Gen. L. ch. 278, §33E. *Id.* at 585. The Superior Court set a dispositional hearing that was stayed by the Supreme Judicial Court See Docket Entry No. 16-1, p.11(Dispositional Hearing for July 24, 2015 stayed by Supreme Judicial Court Order). The Supreme Judicial Court ultimately reversed the trial court's order, holding:

> A judge may not use the vantage point of hindsight to second guess the decisions of a defendant in rejecting a plea agreement…That is what happened here. There was no enforceable promise made by the Commonwealth that the defendant did not have to ever go into custody. Thus, there were no grounds for the judge to allow the defendant to plead guilty to murder in the second degree. We conclude that the judge abused her discretion in granting the defendant's motion for new trial.

*Com. v. Francis*, 477 Mass. 582, 587 (2017). In April 2018, Francis filed the instant second-in-time Section 2254 petition.

II.  Discussion

A state prisoner, in the usual course, has a single opportunity to attack the validity of their conviction and sentence under 28 U.S.C. §2254. The district court is jurisdictionally limited in considering a second or successive petition. "Before a second or successive [Section 2254] application…is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A); see Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Absent authorization from the appropriate court of appeals, a district court is without jurisdiction over a second or successive Section 2254 petition. *Burton v. Stewart,* 549 U.S. 147, 156 (2007) (per curiam).

Francis argues that his second-in-time Section 2254 petition is not a second-or-successive petition because, even though he was not resentenced, the Superior Court's order *would have* resulted in a new judgment and sentence *but for* an appeal and the reversal of the order. Francis posits that the order amounted to a "change of status" effectively resetting the second or successive count. He analogizes that the effect of the Supreme Judicial Court's reversal was akin to "[t]urning a light switch on and then back off again" and that no matter how quickly switched off, the reversal of the switch "cannot mean the light was never on." Opposition, Docket entry No. 18, p. 6.

But using Francis's analogy the light was never switched on in the first place. Indeed, Francis's "change of status" argument, while creative, is unpersuasive under his cited cases which presuppose a new judgment: a circumstance not present here. *See Magwood v. Patterson,* 561 U.S. 320, 341-42 (2010); *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015). Medeiros persuasively argues there was no new judgment or sentence:

> In the petitioner's case, there was no similar "new judgment" intervening between habeas applications. Unlike in *Magwood*, the petitioner's "new sentence" that was ordered by the trial court as part of a motion for new trial was not affirmed on appeal by the Supreme Judicial Court. *Commonwealth v. Francis*, 477 Mass. 582, 587, 79 N.E.3d 1045 (2017) (finding that the trial court judge abused her discretion and reversing the granting of the motion for new trial). In addition, that new sentence was stayed during the pendency of the Commonwealth's appeal and, therefore, was never formally executed as a final judgment. (ADD.7-9). Instead, by reversing the allowance of the motion for new trial, the SJC's decision reinstated the prior judgment of guilty of first-degree murder with a sentence of life in prison. Unlike *Magwood*, the SJC's decision was not a "new judgment and sentence [that] were the result of a complete and new assessment of all of the evidence." 561 U.S. at 326. The petitioner is attempting to challenge the same judgment and sentence as he did in his prior petition filed in 2008.

Respondent's Reply, Docket Entry No. 19, p. 2. Francis' petition is therefore both a second-in-time petition and a second or successive under 28 U.S.C. §2254 where it challenges the "reinstated"[3] 2003 conviction and a "new" sentence that was never imposed.

Accordingly, where Francis presents an unauthorized second or successive 2254 petition, this Court is without jurisdiction to entertain the merits of the petition. "[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it,…or transfer it to the appropriate court of appeals." *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *see* First Circuit Rule 22.1(e) ("If a second or successive § 2254 ... petition is filed in a district court

---

[3] Although not cited by Medeiros, the Court notes that in the context of a first-degree capital murder conviction, "[u]ntil a Superior Court judge's postrescript order is reviewed on appeal (or the time for taking an appeal expires and there is no appeal), *the Superior Court judge's order does not effect a final change in the defendant's conviction* and the case remains a 'capital case' for purposes of § 33E. *The defendant stands convicted of murder in the first degree until …[the Supreme Judicial Court]…says otherwise, or until the appellate period has run without an appeal being filed.*" *Com. v. Gilbert*, 447 Mass. 161, 165 (2006) (emphasis supplied). To the extent this proposition is applicable beyond the application of the gatekeeper provision of Mass. Gen. L. ch. 278, §33E, the conviction was never disturbed, and therefore was never "reinstated" as argued by Medeiros. Either way, the result is the same: the petition is a second or successive petition.

without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."). Francis concedes that he was unsure of whether to first seek permission to bring this petition from the First Circuit Court of Appeals. *See* Opposition, Docket Entry No. 18, p.1; December 2017 correspondence between Francis and First Circuit Court of Appeals Clerk. Docket Entry No. 18-1, pp. 1 and 2. From this procedural perspective, and in light of the several statute of limitations arguments presented in the motion, it is in the interest of justice to transfer, rather than dismiss, this action to the First Circuit Court of Appeals pursuant to 28 U.S.C. §1631.

III. Conclusion and Order

1. Respondent's motion to dismiss (Docket Entry No. 15) is hereby DENIED without prejudice.

2. This action is TRANSFERRED pursuant to 1st Cir. L.R. 22.1(e) and 28 U.S.C. §1631(c) to the First Circuit Court of Appeals for consideration of Francis's implicit request for an order authorizing this Court to consider his Section 2254 petition pursuant to 28 U.S.C. §2244(b)(3)(A).

So Ordered.

/s/ Allison D. Burroughs
UNITED STATES DISTRICT JUDGE